IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Raymond Arthur Shields, | NO. C 00-20868 JW |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| A. A. Lamarque, Warden, | |
| Respondent. | |

## I. INTRODUCTION

This matter is now before the Court for consideration of Raymond Arthur Shields' ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254[1] concerning his 1996 conviction in Santa Clara County Superior Court. For the reasons set forth below, the Petition is DENIED as to all claims. In addition, no certificate of appealability will be issued for Petitioner's claims.

## II. BACKGROUND

**A. Facts**

In 1996, a jury found Petitioner guilty as to one count of second degree robbery, pursuant to California Penal Code §§ 211, 212.5(c).[2] Further, the trial court found that Petitioner had sustained

---

[1] (Petition for Writ of Habeas Corpus, hereafter, "Petition," Docket Item No. 1.)

[2] (Answer to Petition for Writ of Habeas Corpus, Ex. 1 at 1-2, hereafter, "Answer," Docket Item No. 32.)

1  four prior "strike" convictions under California's Three Strike Laws:[3] (1) a 1973 murder committed
2  when Petitioner was 17 years old; (2) a 1988 assault with a deadly weapon conviction; and (3) two
3  1988 robbery convictions. (Id.)

4  On September 9, 1996, the trial court sentenced Petitioner to 25 years to life under Cal. Penal
5  Code § 667(b) along with four five-year enhancements for each prior "strike" pursuant to Cal. Penal
6  Code § 667(a) for a total sentence of 45 years to life. (Answer, Ex. 1 at 2.) Petitioner appealed his
7  conviction and sentence to the California Court of Appeals. (Id.) On appeal, the prosecution
8  conceded that issuing two sentence enhancements for the two 1989 robbery convictions was
9  improper under § 667(a), as the convictions had not been "brought and tried separately" and
10 therefore should have only counted toward a single enhancement. (Id. at 2-3.) On December 8,
11 1997, the California Court of Appeal remanded the case for resentencing in light of the reduction in
12 "strike" convictions and to allow the trial court to reconsider its denial of Petitioner's request to void
13 his underage murder conviction as a "strike" under the trial court's § 1385 discretion. (Id. at 3.) On
14 remand, the trial court again denied Petitioner's request to void his underage conviction under its §
15 1385 discretion and sentenced Petitioner to 41 years to life. (Answer, Ex. 2 at 1.)

16 **B.     Case History**

17 Petitioner appealed the trial court's March 27, 1998 sentencing to the California Court of
18 Appeal. (Answer, Ex. 2 at 1.) On August 26, 1998, the California Court of Appeal affirmed the
19 lower court's sentencing. (Id.) On October 28, 1998, the California Supreme Court denied
20 Petitioner's petition for review without comment. (Answer, Ex. 3 at 1.)

21 On May 5, 1998, while Petitioner's direct appeal was pending, Petitioner filed a petition for
22 writ of habeas corpus with the California Court of Appeal. (Answer, Ex. 6 at 1.) On May 14, 1998,
23 the California Court of Appeal denied the petition. (Id.) On June 15, 1998, Petitioner filed a
24 petition for writ of habeas corpus with the California Supreme Court. (Answer, Ex. 4 at 1.) On
25 November 24, 1998, the California Supreme Court denied the petition. (Id.) On March 11, 1999,

---

[3] Cal. Penal Code §§ 667(a), 667(b)-(i)/1170.12.

2

1 Petitioner filed a second petition for writ of habeas corpus with the California Court of Appeal, 2 which the court again denied on March 25, 1999. (Answer, Ex. 7 at 1.) On April 20, 1999, 3 Petitioner filed a second petition for writ of habeas corpus with the California Supreme Court, which 4 the Court again denied on July 28, 1999. (Answer, Ex. 5 at 1.)

5 On February 18, 1999, Petitioner filed a habeas corpus petition with this Court, which Judge 6 Whyte dismissed because the state criminal case was still pending. (Answer, Ex. 8 at 2.) On August 7 19, 1999, Petitioner filed a second habeas corpus petition with this Court. (Answer, Ex. 9 at 2.) 8 This Court dismissed Petitioner's petition for failure to exhaust state remedies. (Id.) On March 23, 9 2000, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which 10 the Court denied on June 28, 2000. (Answer, Ex. 10 at 1.)

11 On August 15, 2000, Petitioner filed the current Petition for Writ of Habeas Corpus with the 12 Court. (Docket Item No. 1.) Petitioner's was originally acting in pro se, however, the Court 13 appointed counsel to represent Petitioner in his appeal. (See Docket Item No. 27.) On March 7, 14 2001, Respondent filed a Motion to Dismiss the Petition as untimely.[4] On January 30, 2002, the 15 Court granted Respondent's Motion to Dismiss with prejudice. (See Docket Item No. 17.) The 16 Court found that the Petition was timely, but dismissed the Petition based on procedural default. 17 (Answer at 3.)

18 On February 27, 2002, Petitioner appealed the Court's dismissal. (See Docket Item No. 19.) 19 On August 16, 2004, the Ninth Circuit reversed the Court's dismissal based on Bennett v. Mueller[5] 20 and remanded the case to determine whether, for the purposes of the procedural default doctrine, 21 California's untimeliness rule is an adequate state ground for denying relief. (See Docket Item No. 22 28.) On December 22, 2004, the Court issued an Order setting a briefing schedule for the parties to 23 file supplemental briefing. Particularly, Respondent was to submit his Responsive Brief on or 24 before February 21, 2005 and Petitioner was to submit his Traverse on or before March 23, 2005.

---

[4] (See Motion Before Judge James Ware by Defendant A. A. Lamarque to Dismiss Petition as Untimely, Docket Item No. 11.)

[5] 322 F.3d 573 (9th Cir. 2003).

3

1 (See Docket Item No. 31.) On February 9, 2005, Respondent filed his Responsive Brief. (See
2 Docket Item No. 32.) In his Answer, Respondent abandons his claims for procedural default in the
3 Petition, proceeding to address the Petition on the merits. (Answer at 1.)

4 Since 2005, Petitioner has filed a number of requests for extension on his deadline to file his
5 Traverse, which the Court has granted.[6] On January 15, 2010, after missing yet another deadline to
6 file his Traverse, the Court deemed the Petition for Writ of Habeas Corpus submitted as filed and
7 briefed. (Order Deeming Writ of Habeas Corpus Submitted, Docket Item No. 87.)

## III. STANDARDS

9 Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district
10 court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to
11 the judgment of a State court only on the ground that he is in custody in violation of the Constitution
12 or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with
13 respect to any claim adjudicated on the merits in state court proceedings unless the adjudication: "(1)
14 resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
15 established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in
16 a decision that was based on an unreasonable determination of the facts in light of the evidence
17 presented in the State court proceeding." Id. § 2254(d).

18 A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for
19 purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis

---

[6] (Application by Plaintiff Raymond Arthur Shields for Extension of Time and Declaration in Support of, Docket Item No. 33; Application by Plaintiff Raymond Arthur Shields for Extension of Time and Declaration in Support of, Docket Item No. 39; Motion for Extension of Time and Declaration to 2/21/06 to Seek Evidence Re: Trial Counsel's Competence at the Time He Represented My Client, Docket Item No. 41; Motion for Extension of Time to File Response to Respondent's Opposition to 5/22/06, Docket Item No. 43; Application for Extension of Time of 90 Days to Investigate, Docket Item No. 46; Motion for Extension of Time to Investigate the Mental State of the Lawyer who Represented My Client at His State Court Proceedings, Docket Item No. 49; Motion for Extension of Time to Investigate this Issue, Docket Item No. 51; Motion for Extension of Time to File a Traverse, Docket Item No. 58; Motion for Extension of Time to File Traverse, Docket Item No. 63; Motion for Extension of Time to Obtain Records from the Santa Clara County Public Defender's Office, Docket Item No. 66; Motion for Extension of Time to Serve Subpoena, Docket Item No. 70; Motion for Extension of Time to File Traverse, Docket Item No. 74; Motion for Extension of Time to File Traverse by 11/13/09, Docket Item No. 81.)

4

of the substance of the constitutional claim advanced, rather than deciding the claim on the basis of a procedural rule. Barker v. Fleming, 423 F.3d 1085, 1092 (9th Cir. 2005); Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004).

### A. "Clearly Established Supreme Court Law"

Clearly established federal law, as determined by the Supreme Court of the United States refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. See Williams (Terry) v. Taylor, 529 U.S. 362, 412 (2000); Barker, 423 F.3d at 1093. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003). If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. See Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact that Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established' by the Supreme Court." Williams, 529 U.S. at 391 (referring to case-by-case analysis applicable to ineffective assistance of counsel claims); see, e.g., Jackson v. Giurbino, 364 F.3d 1002, 1009 (9th Cir. 2004). There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Lockyer v. Andrade, 538 U.S. 63, 64 (2003). When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework. Id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).

5

### B. **"Contrary To"**

While the "contrary to" and "unreasonable application" clauses have independent meaning, they often overlap. See Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000), overruled on other grounds, Lockyer, 538 at 70-73 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Early v. Packer, 537 U.S. 3, 8 (2002) (*per curiam*). A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams, 529 U.S. at 406. Such a case should be analyzed under the "unreasonable application" prong of § 2254(d). See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### C. **"Unreasonable Application"**

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13; see also Brown v. Payton, 544 U.S. 133, 141-43 (2005).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; Middleton v. McNeil, 541 U.S. 433, 436 (2004) (*per curiam*); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

The objectively unreasonable standard is not a clear error standard. Lockyer, 538 U.S. at 75-76. After Lockyer, "[t]he writ may not issue simply because, in [the federal court's] determination, a state court's application of federal law was erroneous, clearly or otherwise. While

6

1  the 'objectively unreasonable' standard is not self-explanatory, at a minimum it denotes a greater
2  degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them."
3  Clark, 331 F.3d at 1068. Thus, deciding whether the state court decision was unreasonable may
4  require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045,
5  1054 (9th Cir. 2003).

6  Finally, habeas relief is warranted only if the constitutional error at issue is a structural error
7  or had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v.
8  Johnson, 532 U.S. 782, 795-96 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

9  Where, as in this writ, the California Supreme Court denies review of Petitioner's claim
10  without explanation, the Court looks to the last reasoned state court decision in conducting habeas
11  review. See Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (citation omitted).

## IV. DISCUSSION

13  Petitioner makes three claims for habeas relief. First, Petitioner contends that the state trial
14  court erred in imposing three five-year sentencing enhancements pursuant to Cal. Penal Code §
15  667(a) on the grounds that the strikes on which the enhancements were based were not "brought and
16  tried separately," were not supported by the evidence and was an abuse of discretion. (Petition at 6.)
17  Second, Petitioner was deprived of effective assistance of counsel on the ground that his trial
18  counsel failed to object to the three improper five-year sentence enhancements pursuant to Cal.
19  Penal Code § 667(a). (Id.) Third, Petitioner was deprived of effective assistance of counsel on the
20  ground that his appellate counsel also failed to challenge the three improper five-year sentence
21  enhancements. (Id.) The Court considers each claim in turn.

**A.    State Trial Court Error**

23  As a preliminary matter, with respect to the claim of state trial court error in the application
24  of Cal. Penal Code § 667(a), the California Court of Appeals, Sixth Appellate District rendered the
25  last reasoned state court opinion. (Answer, Ex. 1 at 1.) Thus, the Court will look to the December 8,
26  1997 opinion in reviewing Petitioner's claim.

7

Petitioner contends that the state trial court erred in its application of California's Three Strikes law § 667(a), which allows a trial court to impose, at its discretion, sentencing enhancements for strikes in addition to the general sentence enhancements of California's Three Strikes Rule § 667(b)-(i). (Petition at 6.) Petitioner contends that this was a misapplication of state law and does not contend that the trial court's error was in violation of any federal law or the Constitution of the United States. (Id.)

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).[7] In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119; Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994); see, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief).[8] It is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in

---

[7] Not all violations of federal statutory law, as opposed to the Constitution, are grounds for federal habeas relief, however. Both the plurality opinion and the concurrence by Justice Scalia in Reed v. Farley, 512 U.S. 339 (1994), recognized that violations of federal statutory rights are among the "nonconstitutional lapses we have held not cognizable in a postconviction proceeding" unless the violations meets the "fundamental defect" test announced in Hill v. United States, 368 U.S. 424, 428 (1962). Medellin v. Dretke, 544 U.S. 660, 668-69 (2005) (per curium).

[8] Federal courts generally are bound by a state court's construction of state laws. See, e.g., Melugin v. Hames, 38 F.3d 1478, 1487 (9th Cir. 1994).

8

1  state court." Middleton, 768 F.2d at 1085. It also is unavailable for alleged error in the state post-
2  conviction review process,[9] or violations of the state constitution.[10]

3        Moreover, petitioner may not "transform a state-law issue into a federal one merely by
4  asserting a violation of due process." Longford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). A
5  state court's procedural or evidentiary ruling may be subject to federal habeas review, however, if it
6  violates federal law, either by infringing upon a specific federal constitutional or statutory provision
7  or by depriving the defendant of the fundamentally fair trial guaranteed by due process. See Pulley
8  v. Harris, 465 U.S. 37, 41 (1984); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991);
9  Middleton, 768 F.2d at 1085. A federal court can disturb on due process grounds a state court's
10 procedural or evidentiary ruling only if the ruling was arbitrary or so prejudicial that it rendered the
11 trial fundamentally unfair. See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995); Colley v.
12 Sumner, 784 F.2d 984, 990 (9th Cir.), cert. denied, 479 U.S. 839 (1986).

13       Here, Petitioner bases his claim on the misapplication of California state law and has failed
14 to contend any federal ground on which the Court can review the decision of the state court.
15 (Petition at 6.) As set forth by established case law above, federal habeas review is unavailable for
16 transgressions in the application of state law by state courts. Estelle, 502 U.S. at 67-68; Engle, 456
17 U.S. at 119; Peltier, 15 F.3d at 861-62. To obtain a writ of habeas corpus pursuant to § 2254(a),
18 Petitioner must allege violation of federal law or that the misapplication of state law rose to the level
19 that Petitioner was deprived of his federal due process rights to a fair trial. Pulley, 465 U.S. at 41;
20 Jammal, 926 F.2d at 919-20; Middleton, 768 F.2d at 1085. The Court does not find that the state
21 court's application of state law was so arbitrary or prejudicial as to render the process unfair. In
22 fact, Petitioner's claim of trial court error in the application of sentence enhancements pursuant to
23 Cal. Penal Code § 667(a) for "strikes" that were not "brought and tried separately" was reversed by

---

[9] Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989), cert. denied, 493 U.S. 1012 (1989).

[10] Hinman v. McCarthy, 676 F.2d 343, 349 & n.2 (9th Cir. 1982).

9

the California Court of Appeal[11] and subsequently corrected by the trial court, resulting in a reduced sentence.[12]

In sum, the Court finds that Petitioner has not made a claim for violation of his federal due process rights. Accordingly, Petitioner is not entitled to habeas relief on his claim of state trial court error in the application of sentencing enhancements under Cal. Penal Code § 667(a).

**B.     Ineffective Assistance of Trial Counsel**

With respect to Petitioner's claim for ineffective assistance of counsel, the California Court of Appeals, Sixth Appellate District rendered the last reasoned state court opinion. (Answer, Ex. 1 at 1.) Thus, the Court will look to the December 8, 1997 opinion in reviewing Petitioner's claim. At issue is whether Petitioner's trial counsel failed to provide effective assistance by failing to object to Petitioner's three five-year enhancements pursuant to Cal. Penal Code § 667(a), thereby denying Petitioner of his constitutional rights under the Sixth Amendment. (Petition at 23.)

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Id. The right to effective assistance counsel applies to the performance of both retained and appointed counsel without distinction. See Cuyler v. Sullivan, 446 U.S. 335, 344-45 (1980). To prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Strickland, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[11] (Answer, Ex. 1 at 1.)

[12] (Answer, Ex. 2 at 1.)

10

1 would have been different." <u>Id.</u> at 694.  A reasonable probability is a probability sufficient to
2 undermine confidence in the outcome.  <u>Id.</u>

3      The <u>Strickland</u> framework for analyzing ineffective assistance of counsel claims is
4 considered to be "clearly established Federal law, as determined by the Supreme Court of the United
5 States" for the purposes of 28 U.S.C. § 2254(d) analysis.  <u>See</u> <u>Williams (Terry) v. Taylor</u>, 529 U.S.
6 362, 404-08 (2000).  Judicial scrutiny of counsel's performance must be highly deferential, and a
7 court must indulge a strong presumption that counsel's conduct falls within the wide range of
8 reasonable professional assistance.  <u>See</u> <u>Strickland</u>, 466 U.S. at 689.  The deficient performance
9 must also occur at a critical stage in the adversary proceedings because the Sixth Amendment
10 guarantees the right to counsel only at critical stages.  <u>See</u> <u>United States v. Benlian</u>, 63 F.3d 824, 827
11 (9th Cir. 1995).

12      Here, Petitioner contends that he was deprived of effective assistance of counsel as his trial
13 counsel did not raise all available objections at sentencing to the trial court's use of improper
14 "strikes" for five-year sentencing enhancements pursuant to Cal. Penal Code § 667(a).  (Petition at
15 6-8.)  In particular, Petitioner contends that trial counsel failed to raise the following objections: (1)
16 that § 667(a) enhancements can only be made for offenses that occurred after the statute's date of
17 enactment, June 8, 1982, thereby disqualifying Petitioner's 1973 murder conviction as a basis for
18 sentence enhancement; (2) that § 667(a) enhancements may only be based on offenses that were
19 "brought and tried separately," thereby disqualifying Petitioner's two robbery convictions that were
20 tried conjointly; and (3) that § 667(a) enhancements may only be based on offenses that were
21 "tried," thereby disqualifying Petitioner's conviction for the two robberies based on plea bargain and
22 not trial.  (<u>Id.</u>)  The Court addresses each ground in turn.

23      First, California courts have consistently rejected the claim that Cal. Penal Code § 667(a)
24 only applies to offenses committed after the date of the statute's enactment.[13]  These decisions were

---

[13] <u>See</u> <u>People v. Reed</u>, 33 Cal. App. 4th 1608, 1611-1612 (Cal. Ct. App. 1995); <u>People v. Sipe</u>, 36 Cal. App. 4th 468, 477-478 (Cal. Ct. App. 1995); <u>People v. Hatcher</u>, 33 Cal. App. 4th 1526, 1527-28 (Cal. Ct. App. 1995); <u>People v. Green</u>, 36 Cal. App. 4th 280, 282 (Cal. Ct. App. 1995);

11

1 rendered prior to Petitioner's sentencing hearing.  Id.  Thus, the Court finds that failure of
2 Petitioner's trial counsel to raise this objection at Petitioner's sentencing does not fall below the
3 objective standard of reasonableness as articulated under Strickland.

4       Second, California courts have similarly rejected the interpretation of § 667(a) requiring a
5 prior offense to be based on a trial conviction, rather than a plea bargain.  See People v. Harris, 192
6 Cal. App. 3d 1197, 1201 (Cal. Ct. App. 1987).  This interpretation was also established prior to
7 Petitioner's sentencing hearing.  Id.  Thus, the Court finds that the failure of trial counsel to raise this
8 objection at Petitioner's sentencing does not fall below the objective standard of reasonableness as
9 articulated in Strickland.

10       Third, the California Supreme Court has interpreted § 667(a) to require enhancements to be
11 based on offenses brought in separate trials.[14]  This interpretation was rendered prior to Petitioner's
12 sentencing hearing.  Id.  Thus, the Court finds that Petitioner's trial counsel's failure to raise the
13 objection to the use of Petitioner's two robberies as separate bases for five-year enhancements
14 pursuant to Cal. Penal Code § 667(a) did fall below an objective standard of reasonableness
15 articulated in Strickland.

16       Assuming *arguendo* that Petitioner's claims satisfy the first prong of Strickland, Petitioner
17 must also establish the second prong of Strickland, namely, that "there is a reasonable probability
18 that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
19 Strickland, 466 U.S. at 694.  The trial court's basis of two five-year enhancements on Petitioner's
20 two robbery convictions was addressed during Petitioner's December 8, 1997 appeal and was
21 reversed. (Answer, Ex. 1 at 5-6.)  The California Court of Appeal then remanded the case to the
22 trial court for resentencing based on three prior "strikes," rather than four, and for reconsideration of
23 the trial court's denial to exercise its discretion under Cal. Penal Code § 1385 to void Petitioner's

---

People v. Diaz, 41 Cal. App. 4th 1424, 1428 (Cal. Ct. App. 1996); People v. Anderson, 35 Cal. App. 4th 587, 600-01 (Cal. Ct. App. 1995); People v. Butler, 43 Cal. App. 4th 1224, 1246 (Cal. Ct. App. 1996).

[14] People v. Furman, 16 Cal. 4th 930 (1997).

12

murder "strike," which occurred when he was a minor. (Id.) On remand, the trial court again denied Petitioner's request that it exercise its discretion to void his murder "strike" and resentenced Petitioner to 41 years to life, reducing his sentence by four years. (Answer, Ex. 2 at 1.) Given that the use of Petitioner's two robberies as a basis for separate sentencing enhancements was addressed on appeal and corrected by the trial court on remand, it is unlikely that the outcome of Petitioner's sentencing would have been different, had Petitioner's trial attorney raised this objection at his original sentencing hearing. Thus, the Court finds that Petitioner's claim for ineffective assistance of trial counsel does not satisfy the second prong of Strickland.

In sum, the Court finds that the California Court of Appeals, Sixth Appellate District's decision was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel.

**C.    Ineffective Assistance of Appellate Counsel**

With respect to Petitioner's claim for ineffective assistance of counsel, the California Court of Appeals, Sixth Appellate District rendered the last reasoned state court opinion. (Answer, Ex. 1 at 1.) Thus, the Court will look to the December 8, 1997 opinion in reviewing Petitioner's claim.

At issue is whether Petitioner's appellate counsel failed to provide effective assistance by failing to object to Petitioner's three five-year enhancements pursuant to Cal. Penal Code § 667(a), thereby denying Petitioner of his constitutional rights under the Sixth Amendment. (Petition at 23.)

Here, Petitioner's claim for ineffective assistance of appellate counsel is based on identical contentions as his claim for ineffective assistance of trial counsel. (Petition at 5.) The Court finds that Petitioner's appellate counsel was also not obligated to bring objections on appeal that had been previously rejected by California courts, specifically the objection for enhancements based on "strikes" pre-enactment of § 667(a) and an objection for enhancements based on convictions that resulted from a plea agreement rather than trial. Petitioner's second objection was brought by appellate counsel on appeal and was addressed by the trial court. (Answer, Ex. 2 at 1.) Thus, the

13

Court finds that Petitioner was not deprived of effective assistance of appellate counsel in violation of his Sixth Amendment rights.

In sum, the Court finds that the California Court of Appeals, Sixth Appellate District's decision was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of counsel.

### D.     Certificate of Appealability

At issue is whether the Court should issue a certificate of appealability.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, if a court denies a petition, a certificate of appealability may only be issued "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338. The Ninth Circuit recently described this standard as lenient. See Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (*en banc*).

Here, the Court finds little room for disagreement that a petition for writ of habeas corpus must be based on contentions that the state court decision was in violation of federal law or the United States Constitution. In addition, there is also little room for disagreement that the Petitioner has not met his burden under Strickland for his claim of ineffective assistance of counsel. Accordingly, the Court will not issue a certificate of appealability.

14

### V.  CONCLUSION

The Court DENIES the Petition for Writ of Habeas Corpus as to all claims.  A certificate of appealability will not be issued.  Judgment shall be entered accordingly.

Dated:  December 15, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Erik G. Babcock erik@babcocklawoffice.com
Gerald August Engler Gerald.Engler@doj.ca.gov
Morris Beatus morris.beatus@doj.ca.gov
Nanette Sue Winaker nanette.winaker@doj.ca.gov
Peggy S. Ruffra peggy.ruffra@doj.ca.gov

Dated:  December 15, 2010         **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**

United States District Court
For the Northern District of California